UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
TRI-STATE SURGICAL SUPPLY
& EQUIPMENT LTD.,
                    Plaintiff,

                                                     Verified Answer
     -against-

NEIL MCKINNON,                              Index No.:  620934-2019
UMASHANKAR DAS and
GOCLOUD TECHNOLGIES INC.,
                    Defendants.
---------------------------------------------------------------X

     Defendants UMASHANKAR DAS and GOCLOUD TECHNOLGIES INC., by and through his attorney, John M. Stravato, Esq., for its Verified Answer to the Complaint, states the following:

     1.  Defendant denies information sufficient to for a belief as to the allegations contained in this paragraph 1.

     2.  Defendant admits the allegations contained in this paragraph 2.

     3.  Defendant denies information sufficient to for a belief as to the allegations contained in this paragraph 3.

     4.  Defendant denies information sufficient to for a belief as to the allegations contained in this paragraph 4.

     5.  Defendant admits the allegations contained in this paragraph 5.

     6.   Defendant denies information sufficient to for a belief as to the allegations contained in this paragraph 6.

     7.  Defendant denies information sufficient to for a belief as to the allegations contained in this paragraph 7.

     8.  Defendant denies the allegations contained in this paragraph 8 with respect to defendant Neil McKinnon.

     9.   Defendant denies information sufficient to for a belief as to the allegations contained in this paragraph 9.

     10.   Defendant denies the allegations contained in this paragraph 10.

     11.  Defendant denies the allegations contained in this paragraph 11.

12. Defendant denies the allegations contained in this paragraph 11.

.

13. Defendant denies the allegations contained in this paragraph 13.

14. Defendant reasserts and reiterates each and every response applicable to the paragraphs numbered 1-13.

15. Defendant denies the allegations contained in this paragraph 15 with respect to defendants other than the corporate defendant.

16. Defendant denies the allegations contained in this paragraph 16.

17. Defendant denies the allegations contained in this paragraph 17.

18. Defendant denies the allegations contained in this paragraph 18.

19. Defendant reasserts and reiterates each and every response applicable to the paragraphs numbered 1-18.

20. Defendant denies the allegations contained in this paragraph 20.

21. Defendant denies the allegations contained in this paragraph 21.

22. Defendant denies the allegations contained in this paragraph 22.

23. Defendant denies the allegations contained in this paragraph 23.

24. Defendant denies information sufficient to for a belief as to the allegations contained in this paragraph 24.

25. Defendant denies the allegations contained in this paragraph 25.

26. Defendant denies the allegations contained in this paragraph 26.

27. Defendant denies the allegations contained in this paragraph 27.

28. Defendant denies the allegations contained in this paragraph 28.

29. Defendant denies having knowledge or information sufficient to allow them to know what the plaintiff's believe, however they deny being responsible for their alleged problematic beliefs.

30. Defendant denies the allegations contained in this paragraph 30.

31. Defendant denies the allegations contained in this paragraph 31.

32. Defendant denies the allegations contained in this paragraph 32.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

33. Defendant DAS did not enter into any contract with the plaintiff.

34. Defendant GOCLOUD TECHNOLGIES INC. did not enter into a contract to purchase goods with plaintiff but rather GOCLOUD TECHNOLGIES INC. executed an Offer which expired prior to parties entering into a contract of sale.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

35. The defendants did not accept payment for product for any product from the plaintiffs.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

36. Defendant GOCLOUD TECHNOLGIES INC. offered for sale gloves that were not manufactured by defendant but were manufactured in a factory in Malaysia not owned by GOCLOUD TECHNOLGIES INC., a fact known to the plaintiff. Therefore there was no fraud.

37. Defendant DAS acting as CEO of corporate defendant offered for sale gloves that were not manufactured by defendant but were manufactured in a factory in Malaysia not owned by GOCLOUD TECHNOLGIES INC., a fact known to the plaintiff. Therefore there was no fraud.

## AS AND FOR A FIRST COUNTERCLAIM

38. Plaintiff has no good faith basis for proceeding with this action. This action was brought simply to harass and seek nuisance value financial payment.

Dated: Dix Hills, New York
      March 30, 2021

_____
John M. Stravato
Attorney for defendants

CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this answer: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the answer otherwise complies with the requirements of Rule 11.

Dated:  Dix Hills, New York
        March 30, 2021

_____
JOHN M. STRAVATO