UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
TRI-STATE SURGICAL SUPPLY
& EQUIPMENT LTD.,

      Plaintiff,

  -against-           Amended Answer
                 To Amended Complaint

NEIL MCKINNON,
UMASHANKAR DAS and       Index No.:  21-333
GOCLOUD TECHNOLGIES INC.,
         Defendants.
--------------------------------------------------------------X

   Defendants UMASHANKAR DAS, NEIL MCKINNON and GOCLOUD
TECHNOLGIES INC., by and through their attorney, John M. Stravato, Esq., for their Answer
to the Amended Complaint, states the following:

   (Please Note:  The Answer to Amended Complaint filed 2 days ago was filed specifically
on behalf of ALL DEFENDANTS as listed and specified in the docket, and NEIL
MCKINNON'S name was referenced in the body of the Answer, his name was inadvertently left
out of the initial paragraph.  This Amended Answer to Amended Complaint is identical to the
prior Amended Answer however includes NEIL MCKINNON'S name in the initial paragraph as
well as in the body of the Answer)

   1.  Defendants deny information sufficient to for a belief as to the allegations contained in
this paragraph 1.

   2.  Defendants  admits the allegations contained in this paragraph 2.

   3.  Defendants admits the allegations contained in this paragraph 3.

   4.  Defendants admits the allegations contained in this paragraph 4.

   5.  Defendants admits the allegations contained in this paragraph 5.

   6.   Defendants admits the allegations contained in this paragraph 6.

   7.  Defendants deny information sufficient to for a belief as to the allegations contained in
this paragraph 7.

8.  Defendants admits the allegations contained in this paragraph 8 with respect to GOCLOUD
TECHNOLGIES INC. but deny the allegations with respect to NEIL MCKINNON and
UMASHANKAR DAS.

1

9.   Defendants admit the allegations contained in this paragraph 9 with respect to the first transaction  however plaintiff did not provide adequate  proof of  funds for the secomd transaction involving additional material.

10.   Defendants denies the allegations contained in this paragraph 10 with respect to the individual defendants who were not a party to the contract.

11.  Defendant denies the allegations contained in this paragraph 11 with respect to the individual defendants who were not a party to the contract.


12.    Defendant denies the allegations contained in this paragraph 12 and specifically deny the use of the term 'misrepresentation' which implies intentionality.

13.  Defendants deny information sufficient to for a belief as to the allegations contained in this paragraph 13 and state that if the plaintiffs were making arrangements to sell products they did not  yet possess or own they would have been doing precisely the same thing they accuse the defendants of.

14.  Defendants deny information sufficient to for a belief as to the allegations contained in this paragraph 14 and further state if that if the plaintiffs were making arrangements to sell products they did not yet possess or own they would have been doing precisely the same thing they accuse the defendants of.

 15.  Defendants deny information sufficient to for a belief as to the allegations contained in this paragraph 14 and further state if that if the plaintiffs were making arrangements to sell products they did not yet possess or own they would have been doing precisely the same thing they accuse the defendants of.

16.  Defendants deny the allegations contained in this paragraph 16.

17.    Defendant repeat and re-allege the previous responses they have made in the foregoing paragraphs of this Answer.

18.   The individual Defendants deny the allegations contained in this paragraph 18. They are not a party to any contract.

19.   Defendants deny that the plaintiffs provided adequate proof of funds for the additional material referenced in the Complaint.

20.  The Individual Defendants deny the allegations contained in this paragraph 20 as they were not a party to the contract.

21.  Defendants deny the allegations contained in this paragraph 21.  Any funds that were advanced were promptly returned and the plaintiffs suffered no losses.

22.  Defendant repeat and re-allege the previous responses they have made in the foregoing paragraphs of this Answer.

23.  Defendant denies the allegations contained in this paragraph 23.  Brokers rarely if ever "own" the goods prior to arranging a sale.  Plaintiffs allege in their Complaint they had arranged sales precisely on this basis and therefor concede it was their custom and practice.

24.  Defendants deny information sufficient to for a belief as to the allegations contained in this paragraph 24 but admit they had discussions.  Plaintiff alleges herein that they incurred obligations to third parties for merchandise they neither possessed nor owned.

25.  Defendants deny the allegations contained in this paragraph 25.

26.  Defendants deny the allegations contained in this paragraph 26.  Plaintiffs did not possess the requisite proof of funds to inspect the products in question.

27.  Defendants deny information sufficient to for a belief as to the allegations contained in this paragraph 27.

28.  Defendants deny information sufficient to for a belief as to the allegations contained in this paragraph 28 however if plaintiffs entered into contracts for product they did not own or possess they would have done precisely what they accuse defendants of having done.

29.  Defendants deny the allegations contained in this paragraph 29.

30.  Defendant denies the allegations contained in this paragraph 30.

31.   Defendants deny the allegations contained in this paragraph 31.

32.  Defendant denies the allegations contained in this paragraph 32.

33.  Defendant Defendants deny the allegations contained in this paragraph 33.

34.  Defendant Defendants deny the allegations contained in this paragraph 34.

35.   Defendants deny the allegations contained in this paragraph 35.

36.  .   Defendant repeat and re-allege the previous responses they have made in the foregoing paragraphs of this Answer.

37.  Defendants deny information sufficient to for a belief as to the allegations contained in this paragraph 37 however if these allegations are true they would  have engaged in precisely the same acts they accuse defendants of suggesting it is improper and not the custom and practice in the industry.

38.   Defendants deny information sufficient to for a belief as to the allegations contained in this paragraph 38.

39.   Defendants deny the allegations contained in this paragraph 39.

40.   .   Defendants deny the allegations contained in this paragraph 40.

41.   Defendants deny the allegations contained in this paragraph 41.

42.   Defendant repeat and re-allege the previous responses they have made in the foregoing paragraphs of this Answer.

43.   Defendants deny the allegations contained in this paragraph 43.

44.   Defendants deny the allegations contained in this paragraph 44.

45.   Defendants deny the allegations contained in this paragraph 45.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

46.   In the Amended Complaint the plaintiffs allege that plaintiffs entered into contracts with third parties for the sale of merchandise they did not possess or own.  This is precisely the same conduct that forms the basis of the Complaint; plaintiff accuses the defendants of contracting for merchandise they do not yet possess or own.  This constitutes a blatant admission that this is the custom and practice of the plaintiffs and it precisely the same conduct they accuse the defendants of engaging in.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

46. Plaintiff provides a copy of the Contract in question which only has the corporate defendant as a party.  The two individual defendants are not parties to the contract and are therefore improperly named herein.

WHEREFORE the defendants demand the Amended Complaint be dismissed in its entirety.

Dated:  Dix Hills, New York
            October 8, 2021

_____

John M. Stravato
Attorney for defendants

CERTIFICATION


Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this answer: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the answer otherwise complies with the requirements of Rule 11.


Dated:  Dix Hills, New York
         October 8, 2021

_____

JOHN M. STRAVATO