**JOHN M. STRAVATO Attorney at Law**
Mailing address: P.O. Box 298 Bethpage, New York 11714
Office address:  5 Bagatelle Road Dix Hills NY
phone (631) 845-1200 fax (516) 960-0459 cell (516) 633-2639
email:  JohnMStravato@gmail.com

May 16, 2022

The Honorable Taryn A. Merkl, USMJ
225 Cadman Plaza
East, Brooklyn, New York

Re:  Tri-State Surgical Supply & Equipment Ltd. McKinnon, et al

Dear Judge Merkl:

I am responding to the Order to Show Cause returnable May 17, 2022.  It might be helpful if I go back a little further to put this matter in context.  Michael McKinnon is the individual defendant who I have had extensive interaction with so I will begin with him.  Mr. McKinnon had worked for a very large medical supply company a number of years ago so he has general familiarity with the PPE (personal protection equipment) business which are the subject matter of the contract.  He has not been active for a number of years but he is knowledgeable with respect to the business.  I have supplied financial documents to the plaintiffs show that Mr. McKinnon has been living off unemployment insurance and little else for the past several years.  He was asked by the plaintiff (or somebody associated with the plaintiff) if he could get certain disposable gloves that were in great demand during the Covid pandemic.  Mr. McKinnon was told by do-defendant  Dr. Uma that they could get the gloves from an overseas company.  Both the buyers and the sellers (plaintiff and defendants) were highly motivated to complete a transaction because there was a very substantial profit to be made.  Everyone was disappointed that at the end of the day the defendants were not able to get the gloves that they wanted to get.  The central difficulty that has arisen in this case during the discovery phase is there is a fundamental disagreement about what records the defendants might have related to a transaction that was not completed.

I have implored the defendants and pleaded with the defendants   to provide whatever paperwork that they could come up with related to this matter.  I have spent countless hours communicating

with the defendants, particularly Mr. McKinnon.  I have gotten numerous pdf files many or which had to be painstakingly converted from other formats.  However whatever documents which have been produced have been deemed unsatisfactory to the plaintiffs.  Both myself and the defendant has spent countless hours trying to cooperate and get documents that would be satisfactory to the plaintiffs.  In my humble opinion the vast majority of documents just don't exist. They don't exist because it was a transaction that failed.  It did not reach fruition. Whenever an event does not take place, it is by its very nature less likely to produce a great deal of activity.   From what I can determine this transaction essentially involved a rather small number of telephone calls and emails aimed at trying to acquire merchandise that was in enormous demand by many others throughout the world.

The defendants admitted in their Answer that they were unable to get the merchandise.   There is no dispute There was no fraudulent motive which is evidenced by the fact that there was no illicit gain or gain of any kind for that matter.  There was no benefit to anyone by not completing the transaction.  The defendants stood to make a substantial amount of money if they could successfully get hold of the merchandise.  For that reason both the defendants and the plaintiffs were highly motivated to complete the transaction.

There is a suggestion that defendants are not operating in good faith.  I believe to the contrary that the defendants have been frustrated because any documents they have produced has been deemed to be lacking for one reason or another.  Moreover, there is a clear implication or suggestion that there is more to this rather simple situation than actually exists.  The defendants have not benefited in any way.  There is no improper motive.  The defendants thought in good faith they'd be able to provide the products that were required under the contract.  However, trying to produce PPE in the midst of a pandemic is by definition quite difficult.

I have learned that this Order to Show Cause was previously returnable.  I was not aware of that. Over the past year I have always appeared at conferences when required. If I was aware of the prior date I most certainly would have been present, as has always been the case.  I ask that the defendants be able to proceed on the merits.

Sincerely,

s/*John M. Stravato*

John M. Stravato, Esq.